

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 6, 1939

Mr. A. E. Hickerson
County Auditor
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. O-540
Re: Whether district clerk must make
a collection of interest provided
in a compromise judgment for delin-
quent taxes.

This will acknowledge receipt of a copy of the
judgment entered in the case of the State of Texas vs.
George Botain, in the Special Ninth District Court of
Montgomery County, Texas, February Term, A. D., 1939.

You ask an opinion of this Department as to whether
or not it is the duty of the district clerk to make a col-
lection of interest on a compromise judgment before releases
can be issued thereon.

The copy of the judgment furnished us recites that
the parties had reached an agreement as to the amount of
taxes due plaintiff including penalty, interest, and costs
of court and concluded with the following language:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED
by the court that the Plaintiff, State of Texas,
do have an recover of and from Geo. Botain, the
defendant in said cause, the sum of Eleven and
22/100 ($11.22) Dollars, plus six (6%) per cent
interest per annum from date until paid, being
the full amount of taxes, interest and penalties
due on said real estate above described, for all
of the aforesaid years, as set out in This Decree
and in Exhibit A, attached to Plaintiff's Original
Petition.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"IT IS FURTHER ORDERED, ADJUDGED AND
DECREED by the court that upon the payment
of the sum of Eleven and ($11.22) 22/100
Dollars by the Defendant to the Plaintiff
and the County of Montgomery, the tax judg-
ment herein shall be declared satisfied
and paid in full, and that the tax lien upon
the above described property to secure the
payment of said sum, shall be extinguished
and satisfied in full for each and every year,
as set out in Plaintiff's original Petition,
and that the Plaintiff have its execution
and order of sale."

It will be noted in the first paragraph herein-
above quoted that the recovery is for an amount of Eleven
and 22/100 ($11.22) Dollars plus six (6%) per cent per
annum from date until paid. The second paragraph above
quoted provides that the payment of the sum of Eleven and
22/100 ($11.22) Dollars shall satisfy such judgment and
makes no reference to the payment of interest. These
two paragraphs, therefore, are apparently repugnant.

A consent judgment is a/written agreement and
should be interpreted as a contract. See Frazier vs.
Hanlon Gasoline Company, 29 SW 2nd 461. (Writ of error
refused). In accordance with familiar rules of construc-
tion a judgment will be read as a whole. See 10 Tex.
Jur. 282, and Magnolia Petroleum Company vs. Caswell,
1 SW 2nd 597 (Com. of App. re-hearing denied). If there
are apparent repugnant clauses in a judgment by reason
of which the meaning is obscure the clause first appear-
ing will control. Prince vs. Frost-Johnson Lumber Com-
pany, 194 SW 181 (Writ of error refused).

Applying the above mentioned rules of construc-
tion to the judgment involved in this inquiry, it is the
opinion of this Department and you are so advised that
the six (6%) per cent interest provided in the first
paragraph hereinabove quoted will prevail and govern

this judgment and that it is the duty of the district clerk to make the collection of the interest therein provided for before releases can be properly issued by him.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Lloyd Armstrong
Assistant

LA:AW

APPROVED:

(sgd) GERALD C. MANN
ATTORNEY GENERAL OF TEXAS